THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN WHITWELL and PAMELA WHITWELL, <br><br> Plaintiffs, <br><br> v. <br><br> ASI LLOYDS, <br><br> Defendant. | § § § § § § § § § § § CIVIL ACTION NO. 3:16-CV-746 |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant ASI Lloyds, hereby removes the action styled and numbered *Steven Whitwell and Pamela Whitwell vs. ASI Lloyds*, Cause No. DC-C201600046, pending in the 249th Judicial District Court in Johnson County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

## I.    INTRODUCTION

1.    Plaintiffs are Steven Whitwell and Pamela Whitwell (collectively the "Whitwells"). Defendant is ASI Lloyds ("ASI").

2.    On February 2, 2016, the Whitwells filed suit against ASI for alleged damages in the 249th Judicial District Court in Johnson County, Texas – Cause No. DC-C201600046.

3.    ASI was served with the petition and citation on February 25, 2016. Accordingly, ASI files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

4.    Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district.

## II. BASIS FOR REMOVAL JURISDICTION

5. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between the Whitwells and ASI and the amount in controversy exceeds $75,000 excluding interest, costs, and attorney's fees.

### A. PARTIES

6. The Whitwells are both Texas residents who reside in Johnson County, Texas. They are both citizens of the State of Texas.

7. ASI was at the time this lawsuit was filed, and at the date of this Notice remains, an association of underwriters. The individual underwriters are as follows: Tanya J. Fjare, Trevor C. Hillier, Kevin R. Milkey, John F. Auer, Jr., Edwin L. Cortez, Mary F. Fournet, Philip L. Brubaker, Pat McCrink, Jeff Hannon, and Angel Conlin. Each of these underwriters is a citizen of the State of Florida. The United States Supreme Court has held that an "unincorporated association's citizenship is determined by the citizenship of each of its partners."[1] Therefore, ASI is not a citizen of the State of Texas.

8. Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between the Whitwells and ASI.

### B. AMOUNT IN CONTROVERSY

9. If it is facially apparent that the Whitwells' claims exceed the jurisdictional

---

[1] *See NL Industries, Inc. v. OneBeacon America Ins. Co.,* 435 F. Supp. 2d 558, 561 (N.D. Tex. 2006) (citing to *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96 (1990)); *see also Massey v. State Farm Lloyds Ins. Co.,* 993 F. Supp. 568, 570 (S.D. Tex. 1998) (recognizing that this has been a consistent view of the United States Supreme Court for over 100 years).

amount, ASI's burden is satisfied.[2]

10. In their Original Petition, the Whitwells seek monetary relief over $100,000.[3]

11. Thus, it is facially apparent that the Whitwells' claims exceed the jurisdictional minimum of $75,000.01.

12. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

### III.   CONCLUSION

13. All filings and information regarding the state court action are attached to this notice as required by 28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

- Index of Documents Being Filed, attached hereto as ***Exhibit A***
- State Court Docket Sheet, attached hereto as ***Exhibit B***
- The Whitwells' Original Petition, attached hereto as ***Exhibit C***
- ASI's Original Answer, attached hereto as ***Exhibit D***
- Certificate of Interested Persons, attached hereto as ***Exhibit E***

14. ASI will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

15. Therefore, ASI hereby provides notice that this action is duly removed.

---

[2]   *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[3]   *See* **Exhibit C**, Plaintiff's Original Petition at p.1, ¶1.1.

Respectfully submitted,

By: */s/ Andrew A. Howell*
    Todd M. Tippett
    State Bar No. 24046977
    TTippett@zelle.com
    Andrew A. Howell
    State Bar No. 24072818
    AHowell@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202
Telephone: (214) 742-3000
Facsimile: (214) 760-8994

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Notice of Removal has been served on all the following counsel of record by electronic filing pursuant to the Federal Rules of Civil Procedure on this 17th day of March, 2016:

>Jesse J. Corona
>State Bar No. 24082184
>Jesse@theCoronaLawfirm.com
>**THE CORONA LAW FIRM, PLLC**
>2611 Cypress Creek Parkway, Suite H-200
>Houston, Texas 77068
>(281) 882-3531 – phone
>(713) 678-0613 – fax
>
>**ATTORNEY FOR PLAINTIFFS**

>*/s/ Andrew A. Howell*
>Andrew A. Howell