# EXHIBIT "C"

Filed: 2/2/2016 5:09:16 PM
David R. Lloyd, District Clerk
Johnson County, Texas
By: Renee Alexander, Deputy

CAUSE NO. <u>DC-C201600046</u>

| | | |
|---|---|---|
| **STEVEN WHITWELL,** | § | **IN THE DISTRICT COURT** |
| **PAMELA WHITWELL,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **vs.** | § | **JOHNSON COUNTY, TEXAS** |
| | § | |
| **ASI LLOYDS,** | § | |
| | § | |
| *Defendant.* | § | <u>249th</u> **JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STEVEN and PAMELA WHITWELL (the "WHITWELLS" and/or "Plaintiffs"), and complains of ASI LLOYDS ("ASI" and/or "Defendant"). In support of such claims and causes of action, Plaintiffs respectfully shows unto this Honorable Court and Jury as follows:

### I.  DISCOVERY CONTROL PLAN

1.1     Discovery in this case should be conducted in accordance with a Level 3 tailored discovery control plan pursuant to Texas Rule of Civil Procedure 190.4. Plaintiffs affirmatively plead this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169, as Plaintiffs seek monetary relief over $100,000.

### II.  PARTIES

2.1     Plaintiffs, STEVEN and PAMELA WHITWELL, are residents of Johnson County, Texas.

2.2     Defendant, ASI LLOYDS, is a domestic company engaged in the business of insurance in this state. It may be served with process by serving its registered attorney for service,

Rodney D. Bucker, by certified mail, return receipt requested, at 700 North Pearl Street, 25th Floor, Dallas, Texas 75201-2825, or wherever it may be found. Plaintiffs requests citation be issued at this time.

### III. JURISDICTION AND VENUE

3.1     This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.2     Venue is proper in Johnson County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Johnson County, Texas.

### IV. AGENCY AND RESPONDEAT SUPERIOR

4.1     Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### V. CONDITIONS PRECEDENT

5.1     All conditions precedent to recovery have been performed, waived, or have occurred.

### VI. FACTS APPLICABLE TO ALL COUNTS

6.1     The WHITWELLS are the owners of a Texas Homeowner's Policy number TXL365381 issued by ASI (the "Policy").

6.2     The WHITWELLS own the insured property, which is specifically located at 1330 Blazing Star Trail, Burleson, Texas 76028 (the "Property").

6.3     ASI, or its agent(s), sold the Policy, insuring and covering the Property against damages from storm-related events, to Plaintiffs.

6.4     On or about April 18, 2015 and April 21, 2015, the WHITWELLS experienced a storm that damaged the Property.  In its track, the storm left behind widespread damage to the Property, Plaintiffs' home.

6.5     The WHITWELLS timely submitted claims to ASI.  ASI assigned various adjusters to adjust the claims.  However, ASI and and its agents were not diligent in investigating Plaintiffs' loss.  ASI failed to timely and accurately investigate the covered loss.  ASI assigned claim numbers 312631-154402 and 315790-154402 to the WHITWELLS' claims.

6.6     Ultimately, ASI, inspected the WHITWELLS' property after the storm.  During the inspection, ASI, was tasked with the responsibility of conducting a thorough and reasonable investigation of the WHITWELLS' claims, including determining the cause of, and then quantifying the damage done to the WHITWELLS' home.

6.7     ASI prepared a repair estimate which did not account for all of the covered damages.  Further, even the damages that were accounted for were vastly under-scoped.  Thus, Defendant ASI demonstrated it did not conduct a thorough investigation of the claims.

6.8     Defendant ASI failed to fairly evaluate and adjust the WHITWELLS' claims as they are obligated to do under the Policy and Texas law.  By failing to properly investigate the claims and wrongfully denying full coverage to the WHITWELLS, ASI engaged in unfair settlement practices by misrepresenting material facts to the WHITWELLS.

6.9     Defendant ASI failed to perform its contractual duty to adequately compensate the WHITWELLS under the terms of the Policy.  Specifically, Defendant ASI failed and refused to properly pay proceeds for the Policy, although due demand was made for proceeds to be paid in

an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the WHITWELLS.  Defendant ASI's conduct constitutes a material breach of the insurance contract.

6.10    Defendant ASI misrepresented to the WHITWELLS that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

6.11    Defendant ASI's repair estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the amount of loss to the WHITWELLS.  Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

6.12    Defendant ASI failed to make an attempt to settle the WHITWELLS' claims in a prompt and fair manner, although they were aware of its liability to the WHITWELLS was reasonably clear under the Policy.  Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

6.13    Defendant ASI failed to explain to the WHITWELLS why full payment was not being made.  Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle the WHITWELLS' claims.  Tex. Ins. Code § 541.060(a)(3).

6.14    Defendant ASI failed to affirm or deny coverage of the WHITWELLS' claims within a reasonable time.  Specifically, the WHITWELLS did not receive timely indication of acceptance or rejection, regarding full and claims, in writing from Defendants.  Defendant's

conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

6.15    Defendant ASI refused to fully compensate the WHITWELLS under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation.  Specifically, Defendant ASI performed a results/outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair and inequitable evaluation of the WHITWELLS' losses to the Property. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code.  Tex. Ins. Code § 541.060(a)(7).

6.16    Defendant ASI misrepresented the insurance policy sold to the WHITWELLS by (1) making an untrue statement of material fact regarding coverages; (2)  failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3)  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverages; (4)  making a material misstatement of law;  and/or (5)  failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same.

6.17    Defendant ASI failed to meet its obligation under the Texas Insurance Code regarding  timely  acknowledging  Plaintiffs'  claims,  beginning  an  investigation  of  the WHITWELLS' claims, and requesting all information reasonably necessary to investigate the WHITWELLS' claims within the statutorily mandated deadline.  Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code.  Tex. Ins. Code § 542.055.

---

6.18    Defendant ASI failed to accept or deny the WHITWELLS' full and claims within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

6.19    Defendant ASI failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claims longer than allowed and, to date, the WHITWELLS have not yet received full payment for their claims. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

6.20    From the point in time the WHITWELLS' claims were presented to Defendant ASI, the liability of Defendant to pay the claims in accordance with the terms of the Policy was reasonably clear. However, Defendant ASI has refused to pay the WHITWELLS in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the fully payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

6.21    As a result of Defendant's wrongful acts and omissions, the WHITWELLS were forced to retain the professional services of the attorney and law firm who are representing the WHITWELLS with respect to these causes of action. On or about October 27, 2015, the WHITWELLS' counsel sent a letter of representation requesting various documents related to the storm.

6.22    On or about December 21, 2015, the WHITWELLS' counsel sent a Texas Deceptive Trade Practices Act ("DTPA") and Texas Insurance Code Notice and Demand letter the Defendant. The letter informed Defendant of potential violations under the DTPA and Insurance

Code related to its handling and adjusting of Plaintiffs' claims and potential claims, including attorney's fees, statutory penalty interest, and additional damages arising from those violations. The Notice and Demand letter provided Defendant with the statutorily mandated sixty days to respond, and an opportunity to resolve the claims without extended litigation costs. Defendant acknowledged the letter on December 23, 2015, then made an underpayment and maintained their claims stance in a letter to the WHITWELLS' counsel dated January 23, 2015; satisfying the statutory requirement that Defendants either deny a DTPA and Insurance Code Demand or be allotted a sixty time period to attempt to resolve the claims before a petition is to be filed.

6.23    To date, Defendant ASI has failed to and refused to pay the WHITWELLS for the proper repair of the property. The WHITWELLS' experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these type of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. COUNTS

7.1    Plaintiffs incorporate by reference all facts, statements, and allegations set forth in all previous paragraphs, as if set forth in full in each cause of action that follows.

7.2    **COUNT 1 - BREACH OF CONTRACT**

a.    At the time of the loss, Plaintiffs had valid, enforceable insurance contract in place, issued by Defendant (the "Policy"). Plaintiffs were the insureds of the contract. Plaintiffs fully performed their contractual obligations by making premium payments as required by the insurance contract, and at all times complied fully with all material provisions of the Policy.

b.      According to the Policy that Plaintiffs purchased, Defendant ASI had the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, the Plaintiffs' home has been damaged.

c.      Defendant ASI's failure to properly investigate and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a material breach of Defendant ASI's contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this Petition, the producing cause of which is Defendant's actions.

**7.3    COUNT 2 -  PROMPT PAYMENT OF CLAIMS; VIOLATION OF TEXAS INSURANCE CODE §542, ET SEQ.**

a.      Under the Texas Insurance Code, Defendant ASI had a duty to investigate and pay Plaintiffs' claims under the Policy in a timely manner. Defendant ASI violated Section 542 of the Texas Insurance Code by not timely: (1) commencing its investigation of the claims; (2) requesting information needed to investigate the claims; (3) communicating with its insured regarding the status of its investigation, including failing to accept or reject Plaintiffs' claims in writing within the statutory timeframe; (4) conducting its investigation of the claim; and (5) paying the claims.

b.      All of the above-described acts, omissions, and failures of Defendant is a producing cause of Plaintiffs' damages that are described in this petition. Defendant ASI is therefore liable under Section 542 for penalty interest at the rate set forth in the statute, and attorney's fees taxed as costs of this suit.

c.     Additionally, if it is determined Defendant ASI owes Plaintiffs any additional money on Plaintiffs' claims, then Defendant has automatically violated Section 542 in this case.

### 7.4     COUNT 3 - UNFAIR INSURANCE PRACTICES; VIOLATION OF TEXAS INSURANCE CODE § 541, ET SEQ.

a.     As an insurer, Defendant ASI owes statutory duties to Plaintiffs as its insured. Specifically, the Texas Insurance Code prohibits Defendant ASI from engaging in any unfair or deceptive act or practice in the business of insurance.

b.     By its acts, omissions, failures, and conduct, Defendant ASI has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition, plus Defendant's unreasonable delays and under-scoping in the investigation, adjustment, and resolution of the Plaintiffs' claims, plus Defendant's failure to pay for the proper repair of the Plaintiffs' home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiffs the benefit of the doubt. Specifically, Defendant ASI are guilty of the following unfair insurance practices:

i.     Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

ii.     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability had become reasonably clear;

---

      iii.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

      iv.    Failing to affirm or deny coverage of Plaintiffs' claims within a reasonable time;

      v.    Refusing to pay Plaintiffs' claims without conducting a reasonable investigation with respect to the claim; and

      vi.    Misrepresenting the insurance policy sold to Plaintiffs by (1) making an untrue statement of material fact regarding coverages; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverages; (4) making a material misstatement of law; and/or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

      c.    Defendant ASI has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

      d.    All of the above-described acts, omissions, and failures of Defendant is a producing cause of Plaintiffs' damages that are described in this petition, and were done knowingly and/or intentionally as that term is used in the Texas Insurance Code.

7.5     **COUNT 4 – DTPA; VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE § 17.46, ET SEQ.**

a.      Plaintiffs are a consumer of goods and services provided by Defendant as defined by the Texas Deceptive Trade Practices Act ("DTPA"), codified under Chapter 17 of the Texas Business and Commerce Code.  The Plaintiffs have met all conditions precedent to bringing this cause of action against Defendants.  Specifically, Defendant's violations of the DTPA include without limitation, the following matters.

b.      By its acts, omissions, failures, and conduct that are described in this petition, Defendant ASI has committed false, misleading, or deceptive acts or practices in violation of § 17.46(b)(2), (3), (5), (7), (11), (12), (13), (20), and (24) of the DTPA.  In this respect, Defendant's violations include without limitation:

i.      Unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claims, during which Defendant employed a series of alleged "independent adjusters" under the control of Defendant, that caused confusion to Plaintiffs as to whom was representing whom, and had whose best interests in mind. This gives Plaintiffs the right to recover under Section 17.46(b)(2) and (3) of the DTPA;

ii.      As described in this Petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services had characteristics, uses, or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46(b)(5) of the DTPA;

iii.      As described in this Petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services were of

a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

    iv.    As described in this petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46(b)(12) of the DTPA;

    v.    Defendant knowingly made false or misleading statements of fact concerning the need for replacement of roofing systems, which gives Plaintiffs the right to recover under Section 17.46(b)(13) of the DTPA;

    vi.    Defendant breached an express and /or implied warranty that the damage caused by the subject storm would be covered under the insurance policies. This entitles the Plaintiffs to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

    vii.    Defendant failed to disclose information concerning the insurance policy which was known at the time of the transaction where the failure to disclose such information was intended to induce the Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed. This gives Plaintiffs the right to recover under Section 17.46(b)(24) of the DTPA;

    viii.    Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

ix.     Defendant's conduct, acts, omissions, and failures as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA, under which violations of Chapter 541 of the Texas Insurance Code are an enabling statute.

c.     All of the above-described acts, omissions, and failure of Defendant is a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally, as those terms are used and defined in the Texas Deceptive Trade Practices Act.

## 7.6     COUNT 5 - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

a.     By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' claims, and by failing to settle Plaintiffs' claims because Defendant knew or should have known that it was reasonably clear that the claims were covered. These acts, omissions, failures, and conduct of Defendant is a proximate cause of Plaintiffs' damages.

## 7.7     COUNT 6 - MISREPRESENTATION

a.     Defendant ASI is liable to Plaintiffs under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendant ASI did not inform Plaintiffs of certain exclusions in the policy. Misrepresentations were made by Defendant ASI or its agents, with the intention that they should be relied upon and acted

---

upon by Plaintiffs, who relied on the misrepresentations to his detriment. As a result, Plaintiffs have suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Defendant ASI is liable for these actual consequential and penalty-based damages.

## VIII.  WAIVER AND ESTOPPEL

8.1    Defendant is waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiffs.

## IX.  DAMAGES / CLAIMS FOR RELIEF

9.1    All the damages described and sought in this petition are within the jurisdictional limits of the Court and exceed an aggregate amount of monetary relief over $100,000 but not more than $200,000.

9.2    The above described acts, omissions, failures, and conduct of Defendants caused Plaintiffs' damages, which include, without limitation, (1) the cost to properly repair Plaintiffs' home, (2) any investigative and engineering fees incurred by Plaintiffs, (3) court costs, and (4) attorney fees. The Plaintiffs are entitled to recover consequential damages from Defendants' breach of contract. The Plaintiffs are also entitled to recover the amount of Plaintiffs' claims plus an 18% per annum penalty on the claims against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest.

9.3    Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA, which allow recovery of up to three

times economic damages.  Where there is an enabling statute for the DTPA, as there is here with the Texas Insurance Code, Plaintiffs are entitled to recovery of up to three times actual damages. Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

9.4    Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code.  These violations by Defendant is the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seeks the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## X.  ATTORNEY'S FEES

10.1    As a result of Defendant's conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned law firm and attorney to prosecute this action, and have agreed to pay reasonable attorney's fees.  Plaintiffs are entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Section 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XI.  DISCOVERY

11.1    Under the Texas Rule of Civil Procedure 194, the Defendant are requested to disclose within fifty (50) days of service of this request, the information of material described in Texas Rule of Civil Procedure 194.2(a) through (l).  Plaintiffs' Requests for Disclosure, Requests

for Production, Interrogatories, and Requests for Admissions are attached, for service at the time of service of this petition, and incorporated herein by reference.

## XII.  JURY DEMAND

12.1    Plaintiffs demands a jury trial and tenders the appropriate fee with this petition.

## XIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs STEVEN and PAMELA WHITWELL pray that Defendant ASI LLOYDS be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to economic damages, actual damages, consequential damages, statutory penalty interest, treble damages under the Texas Deceptive Trade Practices Act and Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest, at the highest rate allowed by law, and for any other and further relief, at law or in equity, to which Plaintiffs may show himself to be justly entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By:  /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
2611 Cypress Creek Parkway, Suite H-200
Houston, Texas 77068
Office:  281.882.3531
Facsimile:  713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFFSS**

## PLAINTIFFS' REQUESTS FOR DISCLOSURE
## TO DEFENDANT, ASI LLOYDS

TO:     ASI LLOYDS, Defendant

Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information requested below.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: _/s/ Jesse S. Corona_

Jesse S. Corona
Texas Bar No. 24082184
2611 Cypress Creek Parkway, Suite H-200
Houston, Texas 77068
Office: 281.882.3531
Facsimile: 713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFFS**

## REQUESTS FOR DISCLOSURE TO DEFENDANT

**REQUEST FOR DISCLOSURE 194.2(a):** The correct names of the parties to the lawsuit.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(b):** Name, address, and telephone number of any potential parties.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(c):** The legal theories and, in general, the factual basis for your claims or defenses.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(d):** The amount and any method of calculating economic damages.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(e):** The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(f):**  For any testifying expert:
   (a) the expert's name, address, and telephone number;
   (b) the subject matter on which the expert will testify;
   (c) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;
   (d) if the expert is retained by, employed by, or otherwise subject to your control:
      (i)   all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
      (ii)  the expert's current resume and bibliography.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(g):**  Any indemnity and insuring agreements.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(h):**  Any settlement agreements.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(i):**  Any witness statements.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(j):**  All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(l):**  The name, address and telephone number of any person who may be designated as a responsible third party.
**RESPONSE:**

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANT, ASI LLOYDS

TO:     ASI LLOYDS, Defendant

NOW COMES, STEVEN AND PAMELA WHITWELL, Plaintiffs in the above styled and numbered cause, and requires that ASI LLOYDS, Defendant, answer the following Requests for Production pursuant to Rule 196.3 of the Texas Rules of Civil Procedure, and Plaintiffs requires that answers to same and copies of the original documents be served upon THE CORONA LAW FIRM, PLLC. Pursuant to Rule 196.3, the documents must be produced as they are kept in the usual course of business, or organized and labeled to correspond to the requests for production. Pursuant to Rule 196.2, a Response to these Requests shall be served within fifty (50) days after receipt of the Requests.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: _/s/ Jesse S. Corona_

Jesse S. Corona
Texas Bar No. 24082184
2611 Cypress Creek Parkway, Suite H-200
Houston, Texas 77068
Office:  281.882.3531
Facsimile:  713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFFS**

## DEFINITIONS AND INSTRUCTIONS

Pursuant to the provisions of TEX. R. CIV. P. 196, you are hereby requested to produce the below-designated documents.

These Requests are to be considered as continuing, and you are requested to provide by way of supplemental answers such additional information as you or any other person acting on your behalf may obtain which will augment or otherwise modify your response given to the Request below.  Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

The following terms shall have the meaning indicated below:

A. "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

B. "Document" means any printed, typewritten, mechanically or otherwise recorded matter of whatever character including but not without limitation, letters, purchase

orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- and intra-office communications, statement, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original. If any document requested to be identified was, but is no longer in your possession or control or is no longer in existence, state whether it is (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and if so, to whom, or (4) otherwise disposed of, and in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

C. "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other persons acting for said "party."

D. The term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings, among two or more persons.

## PRIVILEGED OR PROPRIETARY DOCUMENTS

If any document requested is withheld on the basis of any claim of privilege or work product, or otherwise, You are requested to submit in lieu of any such information a written statement, no later than the date of the commencement of the document production:

a. Identifying the person or persons who prepared or authored the document and, if applicable, the person or persons to whom the document was sent or shown;

b. Specifying the date on which the document was prepared or transmitted;

c. Identifying the subject matter of the document;

d. Describing the nature of the document (e.g., letter, telegram, etc.);

e. Stating the number of pages, attachments, and appendices;

f. Stating the identity of each person who had access to, custody of, and who received a copy of the document;

g. Identifying the present custodian;

h. Stating the reason why the document was not produced;

i. Stating briefly why the document is claimed to be privileged or to constitute work product; and

j. Identifying the paragraph of this request to which the document relates.

If any document relates in any way to a meeting or to any conversation, all participants in the meeting or conversation are to be identified.

## ELECTRONICALLY STORED INFORMATION

For electronically stored information, please produce, no later than the date of the commencement of the document production, a discovery log that details the type of information, the source of information, the discovery request to which the information corresponds, and the

information's electronic ID number. Write all the electronically stored information to a reasonably usable storage media, such as a CD, DVD, or Flash Drive.

For electronically stored information, identify every source containing potentially responsive information that You are not searching or producing.

## LOST OR DESTROYED DOCUMENTS

If any document requested has been lost, discarded, or destroyed, you are requested to submit a written statement no later than the date of the commencement of the document production, identifying as completely as possible each such document so lost, discarded or destroyed. Identification of each such document shall include the date of disposal, manner of disposal, reason for disposal, persons authorizing the disposal, persons having knowledge of the disposal and persons disposing of the company.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  The insurance policy in effect on the date of Plaintiffs' claims(s) making the basis of this suit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**  The claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiffs' claim(s) making the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  All training and educational materials which instruct claims adjusters or claims handles in handling claims for coverage for property damage, hurricane damage, hail, water damage, roof and/or wind damage under Defendant's homeowners' insurance policies in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**  All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage for property damage, hurricane damage, hail, water damage, roof and/or wind damage under Defendant's homeowners' insurance policies in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, including the criteria for and the process for evaluating whether coverage exists under Defendant's homeowners' insurance policies in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, hurricane damage, hail, water damage, roof damages, and/or wind damage to the house,

including the criteria, for and the process for, evaluating whether coverage exists under Defendant's homeowners insurance policies in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**   All communications and documents including electronic between Defendant and Plaintiffs regarding Plaintiffs' claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**   All communications and documents, including electronic, between Defendant and any third party regarding Plaintiffs' claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**   All communications and documents, including electronic, between Defendant and any other Defendant(s) regarding Plaintiffs' claims.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**   All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant company, regarding Plaintiffs' claims.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**  All communications and documents Defendant sent to any other Defendant(s) in this cause of action regarding Plaintiffs or the property, after Plaintiffs' claim(s) for coverage.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**   All photographs, diagrams, drawings, or other graphic depictions of Plaintiffs or the Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**  Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries regarding the insurance claim(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**  All reports and other documents from governmental agencies or offices regarding Plaintiffs' Property or containing officially kept information regarding Plaintiffs' property.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**  Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiffs under Plaintiffs' homeowner insurance policy/policies with Defendant, specifically regarding damage to the exterior and interior of Plaintiffs' Property. This request is limited to the last ten (10) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendors list."
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**  Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**  Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including contractors and roofing companies, for the "approved vendors list."
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**  All documents, including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiffs' Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**  Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiffs' Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**  Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiffs' Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**  Any and all claim files Defendant has reviewed and/or obtained regarding Plaintiffs' Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**  Any and all claim files Defendant has reviewed and/or obtained regarding Plaintiffs' Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**  All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage under Defendant's homeowner insurance policies in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**  All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, hail, water damage,

hail damage, roof damages, and/or wind damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling Defendant's first property insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All materials meant to instruct and guide Defendant's claims adjuster under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code § 541.06 and/or Article 21.21. This request is specifically limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** All materials meant to instruct and guide Defendant's claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code § 542.055 et seq. and/or Article 21.55. This request is specifically limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits filed by insured against Defendant regarding the handing, review and/or adjusting of homeowner insurance claims in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Any and all materials, handouts, manuals, outlines, articles and/or documents used or relied upon by Defendant to conduct any seminars and/or continuing education classes for Defendant's employees and/or independent adjusters, regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant to claims representatives and/or adjusters, or received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant's employer, employees, agents, and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims., commercial insurance claims, and property damage, hurricane claims, hail, water damage, roof damage claims and/or wind damage claims in Texas, within the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** Any and all materials, documents, files, and/or reports sent to Defendant by its employer, employees, agents, and/or representatives on a monthly, weekly, or daily basis regarding Plaintiffs' claim(s). Include any and all field notes and summaries of the room-by-room scope of Plaintiffs' Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** Any and all materials, documents, files, and/or reports containing list(s) of contractors and/or roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to homeowner insurance claims. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiffs' claim(s). This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:** Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant

regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:** Any and all materials, documents, files and/or reports of contractors and roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:** Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiffs' claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiffs' claim(s) asserted in this lawsuit, prepared on behalf of Defendant. This request is limited to the State of Texas. This request is specifically limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiffs' claims made the basis of this lawsuit. This request is specifically limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:** The most recent address maintained on file for any and all adjusters assigned to Plaintiffs' claims made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:** Any and all documents and/or claim files for persons or entities that have filed property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims that have been adjusted by any adjusters and/or adjusting companies on behalf of Defendant.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:** Any and all activity logs relating to Plaintiffs' claim(s) for property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage to Plaintiffs' property, and specifically, the claim(s) made the basis of this suit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:** Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiffs' claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**  Any and all organizational charts for Defendant.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**  Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiffs' claim(s) was assigned.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**  Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiffs' claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**  Any and all claims and underwriting files for each claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiffs' claim made the basis of this lawsuit in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**  Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiffs' claim made the basis of this lawsuit.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:**  Any and all documents reflecting or relating to Defendant's decision to pay or deny additional expenses to or on behalf of Plaintiffs in this case.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**  Any and all records reflecting payment to Plaintiffs' claim(s) made the basis of this suit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**  Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiffs' claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:**  Any and all documents relating to or reflecting any and all adjusters assigned to Plaintiffs' claims made the basis this Lawsuit, from the time of hiring through the present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**  Any and all documents relating to the assignment of Plaintiffs' claim(s) to any and all adjusters assigned to Plaintiffs' claims made the basis of this lawsuit, from the time of hiring through the present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:**  Any and all documents relating to or reflecting referrals of vendors to Plaintiffs or any insured.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:**  If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:**  Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:**  Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiffs and any and all adjusters assigned to Plaintiffs' claims made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:**  All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:**  Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:**  Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by insured homeowners.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:**  Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiffs' claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:**  All non-privileged e-mails regarding the investigation, adjusting, and/or handling of the claim(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:** All e-mails between Defendant's adjusters, agents, supervisors, officers, and/or executives regarding changes in the educational programs relating to

the handling of property damage, hurricane damage, hail, water damage, and/or roof damage claims.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:**   All computer files, databases, electronically-stored information or computer-stored information regarding the property damage, hurricane damage, water damage and/or roof damage that have been compiled, prepared, and/or supervised by Defendant, whether or not they are in Defendant's possession or in the possession of another entity.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:**   True and complete copies of all billing records from any and all independent adjusters regarding the claim(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:**   True and complete copy of activity logs filed by the staff and independent adjusters on the file pertaining to the claims(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:**   Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:**   True and complete copies of all billings on the file from the independent adjusters, including the time sheets or documentation used to justify the billings.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:**   Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited dates, changes and requested made by the adjusters.  This request is limited to last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 74:**   Any and all lawsuit involving vendors, staff or management involved with property claims, property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims from 2000 to present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:**   Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of Defendant's claim files, management of property damage, hail, water damage, roof damage and/or wind damage claims, including staff and vendors.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 76:**  Any and all answers made in previous discovery requests for lists or databases of property damage, hurricane damage, hail damage, water damage, roof damage and/or wind damage.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:**  Any and all answers and affidavits made by Defendant and its counsel in previous discovery requests for training procedures, and training manuals for property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage claims.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:**  Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:**  Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable for claims, property damage, hurricane damage, catastrophe, hail damage, water damage, roof damage, and/or wind damage claims for 2000 through the present, along with a list of the lawsuits where testimony was given.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 80:**  Any and all training manuals used by vendors to train its adjusters on property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for Defendant.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 81:**  Any and all correspondence from Defendant to and from vendors regarding any instructions, procedures, changes, training, payments, and billing for property damage, hurricane, flood, wind, hail and catastrophe claims for 2000 through the present, including but not limited to computer disks, e-mails, paperwork, and manuals.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 82:**  Any and all correspondence concerning issues with billing and claims handling with Defendant's vendors, and/or independent adjusting companies. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 83:**  Any and all demand letters, lawsuits and/or subrogation claims filed against any of Defendant's vendors, or by any vendors against Defendant. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 84:**  Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage claims, hurricane damage claims,

flood damage claims, wind damage claims, hail damage claims, water damage claims, and/or roof damage claims training.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 85:**  Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage, hurricane damage, wind damage, hail damage, water damage, and/or roof damage claims previously gather and produced in earlier complaints or lawsuits.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 86:**  Any and all reports, documents or correspondence containing lists of all lawsuits or disputes filed against Defendant or its entities or affiliates nationwide containing an element of property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for 2000 through present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 87:**  Copies of the front and back of each negotiated check made payable to solely or co-payable to Plaintiffs under Plaintiffs' insurance policy in effect during the time of the insurance claims made the basis of this lawsuit, and which was issued by Defendant.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 88:**  Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiffs regarding the insurance claims made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 89:**  Studies commissioned by Defendant, including any done by a law firm to analyze its claim management strategies, and/or to help it improve corporate profits.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 90:**  Affidavits or depositions of the employee(s) who handled Plaintiffs' claim(s), or their supervisors, in all other cases involving the same or similar allegations in this case.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 91:**  The entire underwriter's file for underwriting the insurance policy made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 92:**  All notes, reports, documents, or applications created and/or generated by Defendant's underwriting department relating to the insurance policy made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 93:**  Please produce your Claims Service record related to the claims that forms the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 94:**  Please produce your Activity Log related to the claims that forms the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 95:**  Please produce your claims manual that applies or applied to these claims up to the time that you received a demand letter from Plaintiffs or were served with the petition in this case.
**RESPONSE:**
**REQUEST FOR PRODUCTION NO. 96:**  Produce all reinsurance treaties that potentially apply to the insurance policy in related to the claims, whether or not you have or will notify the reinsurer of the claim.
**RESPONSE:**

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT, ASI LLOYDS

TO:     ASI LLOYDS, Defendant

NOW COMES, STEVEN AND PAMELA WHITWELL, Plaintiffs in the above styled and numbered cause, and requires that ASI LLOYDS, Defendant, answer the following interrogatories under the provisions of Rule 197 of the Texas Rules of Civil Procedure, and Plaintiffs requires that answers to same be served upon the THE CORONA LAW FIRM, PLLC no later than fifty (50) days after the date of the service hereof.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By:  /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
2611 Cypress Creek Parkway, Suite H-200
Houston, Texas 77068
Office:  281.882.3531
Facsimile:  713.678.0613
Jesse@theCoronaLawfirm.com

### **ATTORNEY FOR PLAINTIFFS**

### DEFINITIONS AND INSTRUCTIONS

The undersigned party propounds the attached questions to you under the provisions of Rule 197 of the Texas Rules of Civil Procedure. These questions are being served on your attorney and answers to the Interrogatories should, to the extent possible, be answered in the spaces provided; and if additional space is needed, please use additional sheets or the back of the preceding page. You are notified that this party specifies that the answers shall be filed and served upon the undersigned on or before the expiration of fifty (50) days from the date of the service of these questions; and the questions and your sworn answers may be offered in evidence at the trial of this lawsuit.

In answering these questions, please furnish all information available to you, including information in the possession of your attorney, or its investigators, and all persons acting in your behalf, and not merely such information known of your own personal knowledge. If you cannot answer the Interrogatory in full after exercising due diligence to secure the information, so state in your answer and, to the extent possible, answer stating whatever information or knowledge you have.

---

These Interrogatories are to be considered as continuing, and you are requested to provide by way of supplemental answers such additional information as you or any other person acting on your behalf may obtain which will augment or otherwise modify your answers given to the Interrogatories below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

The following terms shall have the meaning indicated below.

A. "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, or any other kind of entity or its agents, servants and employees.

B. "Document" means any written instrument, recorded matter of whatever character, including but without limitation contracts, letters, purchase orders, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, statements, investigative reports, announcements, newspaper articles, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material, and anything else in writing.

C. "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other persons acting for said party.

D. "Misconduct" is defined as an activity, act, or omission to act which result in a breach of warranty, express of implied, violation of any statute, regulation, or industry standard, whether relating to safety or otherwise, or a breach of any duty of any care.

E. "Plaintiffs" is defined as the party who is propounding these Interrogatories to you and any of its agents, servants or employees.

F. "Occurrence" shall mean the accident, event or happening as set forth in the Plaintiffs' complaint that has given rise to this lawsuit.

G. When asked to "describe" a document, state the title, subject matter, author, date, addressee, file designation and other identifying designation and the present locations and custodian of the document.

Whenever an Interrogatory asks information concerning a document, you are requested to attach a copy of that document to your answers.

In each question wherein you are asked to identify a person, please state with respect to such person his full name, last known address and home telephone number. If the person to be identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** State the name, address, telephone number, and position or job title of all persons answering these interrogatories.
**ANSWER:**

**INTERROGATORY NO. 2:** State whether Defendant contends that any conditions precedent to Plaintiffs' recovery has not been met, whether said conditions be stated in the insurance policy or required by law. If so, state what conditions have not been met.
**ANSWER:**

**INTERROGATORY NO. 3:**  List the date(s) Defendant requested that Plaintiffs provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiffs' claim(s).
**ANSWER:**

**INTERROGATORY NO. 4:**  Please state the following concerning notice of claims and timing of payment:  (a) the date and manner in which Defendant received notice of the claim; (b) the date and manner in which Defendant acknowledged receipt of the claim; (c) the date and manner in which Defendant commenced investigation of the claim; (d) the date and manner in which Defendant requested from the claimant all items, statements, and forms that Defendant reasonably believed, at the time, would be required from the claimant; and (e) the date and manner in which Defendant notified the claimant in writing of the acceptance or rejection of the claim.
**ANSWER:**

**INTERROGATORY NO. 5:**  State whether Defendant contends that Plaintiffs did not provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiffs' claim(s).  If so, state what information was requested and not provided, and the dates of the requests.
**ANSWER:**

**INTERROGATORY NO. 6:**  State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiffs' insurance policy or the claim(s) made the basis of this lawsuit, including the name, address, and telephone number of the supervisor identified person.  For any such person who is no longer an employee, agent, or representative of any defendant, please so indicate and provide the person's last known address and telephone number.
**ANSWER:**

**INTERROGATORY NO. 7:**  State ever basis, in fact and in the terms of Plaintiffs' policy, for Defendant's denial or payment and/or recommendation of denial or payment of Plaintiffs' claims.
**ANSWER:**

**INTERROGATORY NO. 8:**  State every basis, in fact and in the terms of Plaintiffs' policy, for Defendant's failure to pay the Plaintiffs' full claims.
**ANSWER:**

**INTERROGATORY NO. 9:**  State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code § 541.060, formerly known as Article 21.21, or violations of Texas Insurance Code § 542.055, et seq., formerly known as Article 21.55, in the handling of first party claims for property damage coverage under homeowner insurance policies.
**ANSWER:**

**INTERROGATORY NO. 10:**  State the legal theories and describe the factual basis, for your contention that Defendant fully complied with each of the claims handling requirements codified

---

in Texas Insurance Code § 541.060, the violation of which is alleged in Plaintiffs' current live pleading against Defendant.
**ANSWER:**

**INTERROGATORY NO. 11:**  State the legal theories and describe the factual basis for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code § 542.055, in that Defendant followed all statutory deadlines, and by no later than the 15th day of notice of the claims in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days acknowledged receipt of the claims, commenced investigation of the claims, and requested any proper documents from Plaintiffs' reasonably believed necessary to conduct such investigation, made additional requests during the investigation as necessary, and if acknowledged of receipt of the claims were not in writing, made record of the date, manner and content, as refuted in Plaintiffs' current live pleading against Defendant.
**ANSWER:**

**INTERROGATORY NO. 12:**  State the legal theories and describe the factual basis for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code § 542.056, in that Defendant followed all statutory deadlines by notifying Plaintiffs' in writing the acceptance or rejection of Plaintiffs' claims no later than the 15th business day after receipt of any requested information from Plaintiffs', in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days), including stating the reason if rejected or explanation of why Defendant could not do so within that time, as refuted in Plaintiffs' current live pleading against Defendant.
**ANSWER:**

**INTERROGATORY NO. 13:**  State the legal theories and describe the factual basis for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code § 542.058, in that Defendant after receiving all items, statements, and forms reasonably requested and required under § 542.055, delays payment of the claims for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by § 542.060, except where it is found as a result of arbitration or litigation that a claim received by an insurer is invalid and should not be paid by the insurer, receiving all necessary information, Defendant did not delay in making payments for more than 60 days, as refuted in Plaintiffs' current live pleading against Defendant.
**ANSWER:**

**INTERROGATORY NO. 14:**  State the name, address, and telephone number of each policyholder who gave Defendant written notice, within the last five years, of a complaint about Defendant's handling of first party claims for property damage coverage under homeowner insurance policies in Texas.
**ANSWER:**

**INTERROGATORY NO. 15:**   State the name, address, and telephone number of each policyholder from whom Defendant recorded a complaint within the last five years, about Defendant's handling of first party claims for property damage coverage under homeowner policies in Texas.
**ANSWER:**

**INTERROGATORY NO. 16:**   For each complainant identified in the responses to interrogatories 14 and 15, state whether any communication was exchanged between Defendant and any Texas governmental regulatory agency regarding the complaint.  If the response is yes, for any such complainant, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.
**ANSWER:**

**INTERROGATORY NO. 17:**   For each investigation by a Texas governmental agency within the last five years into Defendant's practices when handling first party claims for property damage coverage under homeowner/commercial policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.
**ANSWER:**

**INTERROGATORY NO. 18:**   Identify by name, address, and telephone number, all persons and/or entities that have filed property damage claims, hurricane damage claims, hail damage claims, water damage claims, roof damage claims and/or wind damage claims with Defendant that have been adjusted by any and all adjusters assigned to Plaintiffs' claims made the basis of this lawsuit, from the time of hiring through the present.
**ANSWER:**

**INTERROGATORY NO. 19:**   Please state whether Defendant took, or is aware of the taking of, a recorded statement and/or examination under oath of any representative, or agent of, or any person employed by, Plaintiffs regarding the claims made the basis of this lawsuit.  If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement.  Please also state whether the statement was transcribed, where the statement is currently located, and/or the last place Defendant saw a transcription of same.
**ANSWER:**

**INTERROGATORY NO. 20:**   Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that have issued Plaintiffs' policy.
**ANSWER:**

**INTERROGATORY NO. 21:**   Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that prepared Plaintiffs' Policy including the Property made basis of the claim(s).
**ANSWER:**

**INTERROGATORY NO. 22:**   Identify by name or company name, address, and telephone number any engineer(s) and/or engineering company(s), used to evaluate Plaintiffs' claim(s), the name(s) of each prior claim each such person(s) and/or company(s) worked for Defendant, the date(s) of the reports, and the address of the Property for which the inspection was done.
**ANSWER:**

**INTERROGATORY NO. 23:**   For each of the above listed engineer(s) or engineering company(s), list the compensation received from Defendant for any services and work performed in the last five years.
**ANSWER:**

**INTERROGATORY NO. 24:**   When was the date Defendant anticipated litigation?
**ANSWER:**

**INTERROGATORY NO. 25:**   For each of the above listed engineer(s) or engineering company(s), list the compensation received from Defendant for any services and work performed in the last five years.
**ANSWER:**

**INTERROGATORY NO. 26:**   Does Defendant claims that Plaintiffs failed to mitigate their damages?  If so, describe how Plaintiffs failed to do so, identifying any resulting prejudice caused to Defendant.
**ANSWER:**

**INTERROGATORY NO. 27:**   Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claims made the basis of this lawsuit, identifying the criteria for that determination.
**ANSWER:**

**INTERROGATORY NO. 28:**   To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.
**ANSWER:**

**INTERROGATORY NO. 29:**   Identify all price lists used to prepare all estimates on the claims made the basis of this lawsuit, stating the manufacturer version, date and geographical area.
**ANSWER:**

## PLAINTIFFS' REQUEST FOR ADMISSIONS
## TO DEFENDANT, ASI LLOYDS

TO:     ASI LLOYDS, Defendant

NOW COMES, STEVEN AND PAMELA WHITWELL, Plaintiffs in the above styled and numbered cause, and requires that ASI LLOYDS, Defendant, answer the following Requests for Admissions, and Plaintiffs requires that responses to same be served upon the undersigned no later than fifty (50) days after the date of the service hereof.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: _/s/ Jesse S. Corona_

Jesse S. Corona
Texas Bar No. 24082184
2611 Cypress Creek Parkway, Suite H-200
Houston, Texas 77068
Office: 281.882.3531
Facsimile: 713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFFS**

## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit the Defendant's principal place of business is Texas.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 2:** Admit the Defendant conducts the business of insurance in Texas.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 3:** Admit the Defendant insured Plaintiffs' property against wind and hail damage.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 4:** Admit the Defendant has been reported to the Texas Department of Insurance for the mishandling of claims in the last five (5) years.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 5:**  Admit the Plaintiffs' property sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 6:**  Admit the Plaintiffs' roof sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 7:**  Admit the windstorm created openings in Plaintiffs' roof whereby water leaked into the interior of Plaintiffs' home causing damage.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 8:**  Admit the as a result of water leaking into Plaintiffs' home, Plaintiffs' personal property was damaged.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 9:**  Admit the exterior of Plaintiffs' home sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 10:**  Admit the windstorm that damaged Plaintiffs' property was a covered occurrence under Plaintiffs' insurance policy with the Defendant insurance company.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 11:**  Admit the Plaintiffs' property sustained hail damage as a result of the hailstorm that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 12:**  Admit the Plaintiffs' roof sustained hail damage as a result of the hailstorm that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 13:**  Admit the exterior of Plaintiffs' home sustained hail damage as a result of the hailstorm.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 14:**  Admit Plaintiffs' personal property was damaged as a result of the hailstorm.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 15:**  Admit the hailstorm that damaged Plaintiffs' property was a covered occurrence under Plaintiffs' insurance policy with the Defendant insurance company.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 16:**   Admit the Defendant improperly and unreasonably adjusted Plaintiffs' claim.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 17:**   Admit the Defendant performed an outcome-oriented investigation of Plaintiffs' claim.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 18:**   Admit the Defendant did not conduct a reasonable investigation of Plaintiffs' damage.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 19:**   Admit the Defendant has unreasonably delayed payment to the Plaintiffs and failed to fairly settle Plaintiffs' claims even though liability was reasonably clear.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 20:**   Admit the Defendant was not open and honest in its adjustment of Plaintiffs' claim.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 21:**   Admit the Defendant failed to make an attempt to settle Plaintiffs' claims in a fair manner.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 22:**   Admit the Defendant misrepresented to Plaintiffs that the damage to Plaintiffs' Property was not covered under the Policy.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 23:**   Admit the Defendant misrepresented to Plaintiffs that the damage to Plaintiffs' Property did not need to be replaced.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 24:**   Admit the Defendant was aware that the damage to Plaintiffs' Property warranted replacement and not repair.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 25:**   Admit the Defendant took advantage of Plaintiffs' lack of knowledge and expertise.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 26:**   Admit the Defendant engaged in false, misleading, and deceptive acts or practices in the business of insurance in the handling of Plaintiffs' claim.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 27:**   Admit the Defendant made material false representations and/or material false promises to Plaintiffs.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 28:**   Admit the Defendant intended that Plaintiffs would rely on these false representations and upon which Plaintiffs did reasonably rely to its detriment.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 29:**   Admit the Defendant breached its insurance contract with Plaintiffs.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 30:**   Admit the Defendant failed to provide its adjuster with policies, guidelines, and/or materials pertaining to the lawful handling of insurance claims.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 31:**   Admit the Defendant purposely denied and/or underpaid Plaintiffs' claims in order to continue making profit off of Plaintiffs.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 32:**   Admit the Defendant provides incentives and/or bonuses to its adjusters for closing out claims without adequate payment.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 33:**   Admit the Defendant provided a bonus to its adjuster in relation to Plaintiffs' claim.
**ADMIT OR DENY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Request for Disclosure, Request for Production, First Set of Interrogatories, and Requests for Admissions has been served upon Defendant by serving its Registered Agent at the same time Defendant was served with a copy of Plaintiffs' Original Petition.

*/s/ Jesse S. Corona*
Jesse S. Corona